Filed 4/26/21  In re Luis U. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re LUIS U., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MIRIAM U.,<br><br>Defendant and Appellant. | F081779<br><br>(Super. Ct. No. 14CEJ300291-3)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Meehan, J.

Appellant Miriam U. (mother) appealed from the juvenile court's August 4, 2020 order terminating her parental rights (Welf. & Inst. Code, § 366.26)[1] to her now 12-year-old son, Luis U.  After reviewing the juvenile court record, mother's court-appointed counsel informed this court she could find no arguable issues to raise on mother's behalf.  This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother filed a letter but failed to address the termination findings or orders or set forth a good cause showing that any arguable issue of reversible error arose from the section 366.26 hearing.  (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)  Consequently, we dismiss the appeal.

### PROCEDURAL AND FACTUAL SUMMARY

An original dependency petition was filed in September 2014, alleging mother placed her children, four-year-old Kevin, five-year-old Luis, seven-year-old Joshua, and 14-year-old Andrea, at risk of physical harm and emotional damage because of her neglect and failure to provide for them.  The detention report prepared by the Fresno County Department of Social Services (department) stated there had been 21 child welfare referrals for the family and there was ongoing concern of medical neglect and chronic lack of follow through; limited food supply for the children, who were begging for food from the neighbors; hygiene and safety issues with the children, who were dirty, unkempt and left unattended; safety issues in the home, as they were living in a "shack" with no running water and electricity by cords running from the main house; and concern due to mother's ongoing drug abuse.  Mother had another child, Juan, who was in juvenile hall.  The children's father was deceased.  At the detention hearing, the juvenile court found the children were described by section 300, subdivisions (b), (c) and (g);

---

[1]     Statutory references are to the Welfare and Institutions Code.

continued their out of home placement; and offered mother services pending its disposition of the case. The children were placed in foster care.

In January 2015, following a contested jurisdictional/dispositional hearing, the juvenile court exercised its dependency jurisdiction over the children and ordered reunification services for mother.

Mother appealed from the juvenile court's dispositional findings and orders in our case No. F070926, which was dismissed on May 19, 2015, pursuant to *Phoenix H*.

The juvenile court provided mother reunification services until the 12-month review hearing in February 2016. However, she did not participate in her services plan and was unable to maintain sobriety or obtain stable housing. The court found she made minimal progress, terminated reunification services and set a section 366.26 hearing.

The department recommended the juvenile court order long-term foster care for Andrea and Joshua and legal guardianship for Luis and Kevin who were placed together. The department believed legal guardianship was appropriate for Luis and Kevin because they were strongly bonded to mother and their siblings and wanted to return to mother's care. They were happy and comfortable with their foster parents and wanted to remain there if they could not return to mother.

On June 9, 2016, the juvenile court conducted a section 366.26 hearing and followed the department's recommendations. The court established a legal guardianship for Luis and ordered one supervised visit a month for mother.

Over the ensuing four years, the juvenile court continued its supervision over Luis's dependency and found legal guardianship was the most appropriate permanent plan for him.

Meanwhile, in November 2016, the department filed a modification petition under section 388 (section 388 petition), asking the juvenile court to suspend mother's visitation with Luis and Kevin. She was encouraging the brothers to lie about their guardians and Kevin was having behavioral problems as a result. On May 25, 2017, the

3.

court found it would be detrimental to Luis to continue visits with mother and ordered them suspended for 90 days. His visits remained suspended after Kevin was removed from the guardians in June 2017 because of his disturbing behavior. On September 21, 2017, the court made another detriment finding and continued the suspended visits. On December 14, 2017, the court granted the department discretion for supervised letter and gift exchanges and telephonic and electronic visits.

On January 23, 2020, the juvenile court scheduled a section 366.26 hearing after Luis's guardians stated they wanted to adopt him. Luis wanted to be adopted by his guardians and was visibly happy when discussing it.

On June 30, 2020, mother filed a section 388 petition, asking the juvenile court to order visitation for her with Luis. She completed a parenting course in 2018 and was not in need of mental health counseling. Providing her visitation, she asserted, would allow the department to properly assess her relationship with Luis and the appropriateness of terminating her parental rights. The court denied mother's petition but granted the department discretion to arrange one in-person visit.

The department recommended the juvenile court terminate mother's parental rights and select adoption as Luis's permanent plan. Luis had not visited mother since the court suspended visitation. He had monthly in-person visits with his brothers until the pandemic, after which he visited them through video chat and Zoom.

Mother did not appear at the section 366.26 hearing on August 4, 2020. Her trial counsel informed the juvenile court she made multiple attempts to contact mother by telephone and requested a continuance. The court found there was not good cause to continue the hearing and denied her request. Mother's attorney objected to the termination of mother's parental rights, arguing the beneficial parent-child and sibling relationship exceptions to adoption applied. The court found Luis was likely to be adopted, none of the exceptions to adoption applied and terminated parental rights.

4.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, the court is required to order termination of parental rights. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B).

Mother's trial counsel argued unsuccessfully the juvenile court should apply the beneficial parent-child and sibling relationship exceptions to adoption. The beneficial parent-child relationship exception applies if termination of parental rights would be detrimental to the child because the parent has "maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(B)(i).) A parent asserting this exception must show he or she "occupies a parental role in the child's life, resulting in a significant, positive, emotional attachment between child and parent." (*In re C.F.* (2011) 193 Cal.App.4th 549, 555.) The sibling relationship exception applies when "[t]here would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship, including, but not limited to, whether the child was raised with a sibling in the same home, whether the child shared significant common experiences or has existing close and strong bonds with a sibling, and whether ongoing contact is in the child's best interest, including the child's long-term emotional interest, as compared to the benefit of legal permanence through adoption." (§ 366.26, subd. (c)(1)(B)(v).)

5.

Mother does not argue the juvenile court erred in finding Luis was likely to be adopted or in finding the beneficial parent-child relationship exception or sibling relationship exception did not apply. Rather, she contends the department did not provide her services "right [a]way," and ignored her relatives' requests for placement.

By the time a case reaches the section 366.26 hearing, many issues, including reunification services and relative placement, are no longer cognizable. Mother received a year of reunification services from January 2015 until February 2016 and even longer if one counts the services offered prior to the dispositional hearing. If mother believed there was any defect in the services provided to her, including a delay in initiating them, she had a year in which to raise the issue in the juvenile court. However, she did not challenge the reasonableness of services provided to her. Having failed to do so, she forfeited the issue and is precluded from raising it on this appeal.

Similarly, mother could have but did not object that the department was not assessing her relatives for placement. According to the record, the maternal grandmother, who lived in Mexico, expressed interest in placement in September 2014. However, the department was unable to place all four children with her and opted not to separate the siblings. Mother did not subsequently identify any other relatives for placement or complain the department was not fulfilling its duty to assess her relatives for placement. Consequently, she forfeited the issue.

We conclude mother failed to make a good cause showing that an arguable issue of reversible error exists. Further, though we are not required to do so, we have reviewed the record as it relates to the termination hearing and have found no arguable issues. Consequently, we dismiss the appeal.

**DISPOSITION**

This appeal is dismissed.

6.